# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARLES C. BLESSING,<br>　　　　　Appellant,<br><br>　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency,<br><br>　　　and<br><br>NANCY BAKEMAN<br>　　　　Intervenor. | DOCKET NUMBER<br>AT-0831-20-0308-X-1<br><br><br>DATE: May 22, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles C. Blessing, Shelbyville, Tennessee, pro se.

Michael Shipley, Washington, D.C., for the agency.

Nancy Bakeman, Lynchburg, Tennessee, pro se.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1	In a July 9, 2021 compliance initial decision, the Board found the Office of Personnel Management (OPM) in noncompliance with the Board's final decision vacating and remanding OPM's reconsideration decision to the extent OPM failed to refund to the appellant contributions that OPM had erroneously withdrawn from his Civil Service Retirement System (CSRS) annuity to fund a former spouse annuity. *Blessing v. Office of Personnel Management*, MSPB Docket No. AT-0831-20-0308-C-1, Compliance File, Tab 9, Compliance Initial Decision (CID) at 4; *Blessing v. Office of Personnel Management*, MSPB Docket No. AT-0831-20-0308-I-1, Initial Appeal File, Tab 19, Initial Decision at 1-5. For the reasons discussed below, we now find OPM in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2	In the compliance initial decision, the administrative judge found OPM in noncompliance with the Board's final decision. CID at 1-5. Accordingly, he granted the appellant's petition for enforcement and ordered OPM to take the following actions: (1) refund to the appellant those contributions OPM withdrew from the appellant's CSRS annuity to fund the former spouse annuity at issue, with appropriate interest as provided by law; and (2) take any other administrative action necessary to properly cancel the annuity[3] at issue. CID at 4.

¶3	The compliance initial decision informed OPM that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and

---

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

[3] Although the annuity at issue is a former spouse annuity, the compliance initial decision inadvertently referred to it in several instances as a "survivor" annuity. CID at 1, 3, 4. It is clear that this was a typographical error and that the administrative judge correctly recognized that there was only one annuity at issue.

evidence establishing compliance within 35 days from the date the compliance initial decision was issued. CID at 4-5. The compliance initial decision further informed OPM that, if it decided not to take all of the ordered actions, it must file a petition for review of the compliance initial decision. CID at 5. The compliance initial decision also informed the appellant of his option to file a petition for review of the compliance initial decision. CID at 6. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance. *Blessing v. Office of Personnel Management*, MSPB Docket No. AT-0831-20-0308-X-1, Compliance Referral File (CRF), Tab 1.

¶4      On August 19, 2021, the Office of the Clerk of the Board issued an acknowledgment order directing OPM to submit, within 15 calendar days, evidence showing that it had complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. The acknowledgment order also notified the appellant that he may respond to any submission from the agency by filing written arguments with the Clerk of the Board within 20 calendar days of the date of service of the agency's submission. *Id.* The appellant was cautioned, however, that if he did not respond to OPM's evidence of compliance within those 20 calendar days, "the Board may assume you are satisfied and dismiss your petition for enforcement." *Id.* at 3-4.

¶5      The agency bears the burden of proving that it has complied with a final Board order. *Pace v. Office of Personnel Management*, 117 M.S.P.R. 49, ¶ 12 (2011). Compliance must be supported by relevant, material, and credible evidence. *Id.*

¶6      On September 3, 2021, OPM responded to the acknowledgment order by submitting evidence that appears to show compliance with all actions identified in

the compliance initial decision. CRF, Tab 3. This evidence includes a written statement from OPM indicating that it has taken all actions ordered, as well as applicable supporting documentation (such as a "Paid and Due" calculation and copies of relevant payment history screens). To date, the appellant has not responded to object or refute the evidence submitted by OPM, and we therefore assume that he is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009). Accordingly, we find that OPM is in compliance with its obligations to refund the appellant those contributions OPM withdrew from the appellant's CSRS annuity to fund the former spouse annuity at issue, with appropriate interest as provided by law, and has properly cancelled the former spouse annuity.

¶7    In light of the foregoing, we find that the OPM is now in compliance and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:                              /s/ for
                                         _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.